**The document below is hereby signed.**

**Dated: September 9, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
NEW 4211 SECOND STREET, LLC,    )    Case No. 10-00606
                                )    (Chapter 7)
            Debtor.             )    Not for Publication in
                                )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE OBJECTION TO
MOTION TO APPROVE COMPROMISE AND LITIGATION AGREEMENT

The trustee has sought approval of a compromise and litigation agreement under which he would assign to Paxy Harry (a principal of the debtor) the estate's interest in litigation in the Superior Court of the District of Columbia in which the debtor had asserted certain breach of contract claims against Plumb Holdings LLC.  The assignment would be in return for receiving 50% of the net value or proceeds of the litigation (i.e., net of attorneys fees and expenses), and Mr. Harry will continue to pay any legal fees and expenses of the litigation in pursuing the cause of action.

The only objection filed is that of Plumb Holdings LLC, the target of the litigation.  Plumb Holdings LLC does not point to its having any stake in the bankruptcy estate such as to confer

standing on it to object to the assignment as not in the best interest of the estate.

In any event, it does not contend that the trustee is securing an assignment that is unfavorable to the estate. Instead, it argues:

> The Chapter 7 Trustee should not be allowed to assign the civil litigation claims to Second Street, as there are no longer any claims to assign. The claims asserted by Second Street are barred by res judicata and judicial estoppel, have been waived and/or are meritless on their face.

Objection at 5.  In seeking to make the assignment, the trustee states that the merits are complicated, and that the estate does not have the assets with which to litigate the merits.  To require the trustee to analyze Plumb Holdings LLC's nineteen-page objection and show that the claims have merit would require the trustee to devote resources he does not have at hand.  If the claims have merit, then the estate will benefit from the assignment.  If the claims have no merit, the estate will end up with nothing, but will not have been harmed by the assignment. The assignment is in the best interest of the estate.

Plumb Holdings LLC will not be harmed by the court's approving the assignment as it will be able to address the merits in the Superior Court.  The court overrules Plumb Holding LLC's objection and will sign an order granting the trustee's motion.

[Signed and dated above.]

Copies to: Recipients of e-notification.